James J. Foster
Aaron S. Jacobs (CA No. 214953)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000
jfoster@princelobel.com
ajacobs@princelobel.com

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
PRINCE LOBEL TYE LLP
410 Broadway Avenue, Suite 180
Laguna Beach, CA 92651

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC 2017 LLC, UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.: 3:18-cv-00360-WHA<br>Case No.: 3:18-cv-00363-WHA<br>Case No.: 3:18-cv-00365-WHA<br>Case No.: 3:18-cv-00572-WHA<br><br>**PLAINTIFFS' OPPOSITION TO ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING MOTIONS TO SEAL**<br><br>**Date: February 14, 2019**<br>**Time: 8:00 a.m.**<br>**Courtroom: 12, 19th Floor**<br>**Judge: Hon. William Alsup** |

**TABLE OF CONTENTS**

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 1

III. LEGAL STANDARDS ..... 2

IV. ARGUMENT ..... 4

A. PRECEDENT IN THIS CIRCUIT SUPPORTS SEALING THE DOCUMENTS ..... 4

B. APPLE'S ARGUMENT IS APPARENT FROM THE REDACTED FILINGS ..... 6

V. CONCLUSION ..... 8

PLAINTIFFS' OPPOSITION TO ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING MOTIONS TO SEAL | i | CASE NOS. 3:18-CV-00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA

## TABLE OF AUTHORITIES

**Cases**

*Adv. Media Networks LLC v. Row 44, Inc.*,
No. CV 12-11018 (C.D. Cal. Oct. 28, 2014) .......... 6

*Apple Inc. v. Samsung Elecs. Co. Ltd.*,
727 F.3d 1214 (Fed. Cir. 2013) .......... 2, 3, 4, 6

*Arista Networks, Inc. v. Cisco Sys., Inc.*,
No. 16-cv-00923 (N.D. Cal. Apr. 30, 2018) .......... 3

*Asetek Danmark A/S v. CMI USA, Inc.*,
No. 3:13-cv-00457 (N.D. Cal. Oct. 19, 2015) .......... 4

*Clark v. Bunker*,
453 F.2d 1006 (9th Cir. 1972) .......... 3

*Costco Wholesale Corp. v. Johnson & Johnson Care, Inc.*,
No. 15-cv-00941 (N.D. Cal. May 18, 2015) .......... 4

*France Telecom S.A. v. Marvell Semiconductor, Inc.*,
No. 12-cv-04967 (N.D. Cal. Oct. 3, 2014) .......... 4, 6

*In re Elec. Arts, Inc.*,
298 Fed. Appx. 568 (9th Cir. 2008) .......... 3, 6

*In re J.T. Thorpe, Inc.*,
870 F.3d 1121 (9th Cir. 2017) .......... 6

*Juicero, Inc. v. iTaste Co.*,
No. 17-cv-01921 (N.D. Cal. Jun. 28, 2017) .......... 3

*Kamakana v. City & Cty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) .......... 2, 3, 6

*Nixon v. Warner Comm.'s, Inc.*,
435 U.S. 589 (1978) .......... 2, 6

*Philliben v. Uber Techs., Inc.*,
No. 14-cv-05615 (N.D. Cal. Apr. 15, 2016) .......... 2, 4, 6

*Rodman v. Safeway, Inc.*,
No. 11-cv-03003 (N.D. Cal. Aug. 22, 2014) .......... 4, 6

*Transperfect Global, Inc. v. MotionPoint Corp.*,
No. C 10-2590 (N.D. Cal. Sept. 25, 2014) .......... 3

*Van v. Language Line Servs., Inc.*,
No. 14-CV-03791 (N.D. Cal. Jun. 6, 2016) .......... 2, 4, 6

Plaintiffs, Uniloc 2017 LLC, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), respectfully submit this brief in opposition to the motion of non-party Electronic Frontier Foundation ("EFF") to intervene in these cases for the purpose of opposing motions to seal ("Motion" or "Mot.").[1] For the reasons set forth below, the Motion should have been denied.

## I. INTRODUCTION

The Court has already ruled on the EFF motion to intervene that this brief opposes. *See* Dkt. No. 159 at 2. That ruling was made prior to the due date for this brief under the Local Rules. In that ruling, the Court also provided Uniloc with two weeks within which to appeal the Court's denial of the Administrative Motions to file under seal. *Id.* Thus, Uniloc is filing this brief so that the record as to its opposition will be complete should Uniloc proceed with such an appeal.

## II. FACTUAL BACKGROUND

The complaints in these cases each allege that Apple has infringed a patent owned by Uniloc. The original Uniloc entity that owned the asserted patents was Uniloc Luxembourg, S.A. *See*, *e.g.*, Dkt. No. 1, ¶ 8.[2] Thereafter, Uniloc Luxembourg, S.A. assigned the patents to Uniloc 2017 LLC. In addition to obtaining ownership of the patent, Uniloc 2017 entered into various financing agreements with non-parties Fortress Investment Group and Fortress Credit Co. LLC (together "Fortress").

On October 25, 2018, Apple filed a motion to dismiss for lack of subject matter jurisdiction in each of these cases. *See*, *e.g.*, Dkt. No. 134. Essentially, Apple argues that, via the terms of the financing agreements between Uniloc 2017 and Fortress, certain rights were transferred to Fortress and the Uniloc entities therefore lack standing to maintain these suits. *See* Dkt. No. 135. EFF now moves for an Order denying the unopposed Administrative Motions (Dkt. Nos. 134, 141, 146) filed by Uniloc and Apple to seal portions of the briefing and exhibits relating to Apple's motion to dismiss. *See* Dkt. No. 152-1 at 2.

---

[1] Although filed as a motion to intervene, EFF includes substantive argument in support of its request to deny the motions to seal. Accordingly, this opposition will likewise provide substantive argument regarding the motions to seal.

[2] Unless otherwise noted, all docket entries referenced herein are in the -360 case.

PLAINTIFFS' OPPOSITION TO ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING MOTIONS TO SEAL | 1 | CASE NOS. 3:18-CV-00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA

Contrary to EFF's argument, "the right to inspect and copy judicial records is not absolute" and "'the common law right of inspection has bowed before the power of a court to insure that its records' do not 'serve as . . . sources of business information that might harm a litigant's competitive standing.'" *Nixon v. Warner Comm.'s, Inc.*, 435 U.S. 589, 598 (1978). In the Ninth Circuit, confidential business information the disclosure of which may harm a party competitively may be protected against disclosure to the public. *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1221-28 (Fed. Cir. 2013) (applying Ninth Circuit law). Thus, compelling reasons exist to protect "confidential financial" records. *Van v. Language Line Servs., Inc.*, No. 14-CV-03791, 2016 WL 3566980, at *2 (N.D. Cal. Jun. 6, 2016); *see also Philliben v. Uber Techs., Inc.*, No. 14-cv-05615, 2016 WL 9185000, at *3 (N.D. Cal. Apr. 15, 2016). The documents and information contained therein relating to the financing arrangement between Uniloc and Fortress are confidential financial records that should be sealed under Ninth Circuit law.

## III. LEGAL STANDARDS

Courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, "while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm the competitive interest." *Apple v. Samsung*, 727 F.3d at 1228-29.[3] As the U.S. Supreme Court has stated, "the right to inspect and copy judicial records is not absolute" and "'the common law right of inspection has bowed before the power of a court to insure that its records' do not 'serve as . . . sources of business information that might harm a litigant's competitive standing.'" *Nixon v. Warner Comm.'s*, 435 U.S. at 598. Thus, confidential business information the disclosure of which may harm a party competitively may be protected against disclosure to the public. *Apple v. Samsung*, 727 F.3d at 1221-28 (applying Ninth Circuit law).[4]

---

[3] EFF's attempt to have the sealed business documents unsealed in *Apple v. Samsung* was rejected. *See id.* at 1225-26.

[4] Regional circuit law applies to issue of sealing and unsealing judicial records. *Id.* at 1220.

PLAINTIFFS' OPPOSITION TO ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING MOTIONS TO SEAL | 2 | CASE NOS. 3:18-CV-00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA

When the sealed documents relate to a dispositive motion, the Ninth Circuit applies a "compelling reasons" standard to determine whether documents should be sealed. *See*, *e.g.*, *Kamakana*, 447 F.3d at 1179. Even under the compelling reasons standard, however, courts in this district have permitted documents containing valuable, competitive business information to be filed under seal. *See*, *e.g.*, *Arista Networks*, *Inc. v. Cisco Sys.*, *Inc.*, No. 16-cv-00923, 2018 WL 2010622 (N.D. Cal. Apr. 30, 2018); *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921, 2017 WL 8294276 (N.D. Cal. Jun. 28, 2017); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590, 2014 WL 4950082 (N.D. Cal. Sept. 25, 2014). In patent cases, financial information such as royalty rates in patent licenses has been sealed under the compelling reasons standard "because disclosure could create an asymmetry of information in the negotiation of future licensing deals." *See Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-CV-01846, 2012 WL 4933287, at *2 (N.D. Cal. Oct. 16, 2012).

Trade secrets also satisfy the "compelling reasons" standard for sealing court documents. *See Kamakana*, 447 F.3d at 1179. The Ninth Circuit has adopted the Restatement of Torts' definition of "trade secret." *See Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972); *see also Apple v. Samsung*, 727 F.3d at 1222. According to the Restatement, "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Apple v. Samsung*, 727 F.3d at 1222 (quoting Restatement (First) of Torts § 757, cmt. b). Thus, for example, "detailed plan[s] for the creation, promotion, financing, and sales of contracts" constitute trade secrets. *Clark v. Bunker*, 453 F.2d at 1009; *see also In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569-70 (9th Cir. 2008).

Trade secrets may also relate to "other operations in [a] business." *Clark v. Bunker*, 453 F.2d at 1009. Accordingly, in *In re Elec. Arts*, the Ninth Circuit found error in the district court's denial of a request to seal "pricing terms, royalty rates, and guaranteed minimum payment terms found in a license agreement which were "plainly within the definition of trade secrets." *See Apple*

PLAINTIFFS' OPPOSITION TO ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING MOTIONS TO SEAL | 3 | CASE NOS. 3:18-CV-00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA

*v. Samsung*, 727 F.3d at 1222.[5] Other non-public information regarding pricing strategy, business decision-making and financial records constitute trade secrets that may be sealed. *Rodman v. Safeway, Inc.*, No. 11-cv-03003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014). In patent cases, the terms of licenses, including financial terms, constitute trade secrets and warrant sealing the agreements. *See, e.g.*, *France Telecom S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-04967, 2014 WL 4965995, at *3 (N.D. Cal. Oct. 3, 2014).

Similarly, compelling reasons exist to protect "confidential financial" records. *Van v. Language Line*, 2016 WL 3566980, at *2; *see also Philliben v. Uber Techs.*, 2016 WL 9185000, at *3 (sealing information relating to customer base, revenues and fee calculations). Such financial information includes a party's confidential financial information relating to the calculation of damages. *See, e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, No. 3:13-cv-00457, 2015 WL 12964641, at *2 (N.D. Cal. Oct. 19, 2015); *see also Costco Wholesale Corp. v. Johnson & Johnson Care, Inc.*, No. 15-cv-00941, 2015 WL 2405486, at *2 (N.D. Cal. May 18, 2015) (sealing party's information relating to pricing terms).

## IV. ARGUMENT

Under Ninth Circuit law, the documents identified by EFF should be sealed. Moreover, the nature of Apple's motion to dismiss is apparent from the redacted versions of the briefs. EFF does not need access to the documents in order to understand Apple's motion to dismiss or Uniloc's response thereto.

### A. PRECEDENT IN THIS CIRCUIT SUPPORTS SEALING THE DOCUMENTS

As set forth in Section II *supra*, the documents for which EFF argues the motions to seal be denied comprise complex, non-public financing agreements entered into by private Uniloc entities and private Fortress entities, together with and related financial and licensing documents. More particularly, the documents are as follows:[6]

[5] The procedure for filing documents under seal in civil cases in this District is set forth in Local Rule 79-5. Uniloc submitted declarations in support of the requests to seal. *See* Dkt. Nos. 137, 141-1, 148.

[6] EFF also requests that documents 135, 142 and 147 should be filed unredacted. *See* Dkt. No. 152-1. Those documents are briefs that have been redacted to protect the information contained in the

| Dkt. No. | Description of Document |
|---|---|
| 135-2 | Conformed Revenue Sharing and Note and Warrant Purchase Agreement as Amended |
| 135-3 | Patent License Agreement |
| 135-4 | Third Amendment to Revenue Sharing and Note and Warrant Purchase Agreement |
| 135-5 | Excerpts from Confidential Transcript of the Deposition of Erez Levy as Managing Director of Fortress Financial |
| 135-6 | Excerpts from Confidential Rough Transcript of the Deposition of Drake Turner as a Director of Uniloc Luxembourg |
| 135-7 | Security Agreement between Uniloc and Fortress |
| 135-8 | Uniloc Luxembourg Annual Accounts for 2017 |
| 135-11 | Termination Agreement between Uniloc USA and Uniloc Luxembourg |
| 135-12 | Patent Sale Agreement between Uniloc and Hewlett-Packard Ent. Co. |
| 135-13 | License Agreement between Uniloc USA and Uniloc Luxembourg |
| 135-14 | Asset Purchase Agreement between Uniloc USA and Uniloc Luxembourg |
| 135-16 | License Agreement between Uniloc 2017 and Uniloc USA |
| 135-17 | License Agreement between Uniloc 2017 and Uniloc Licensing USA |
| 135-18 | Amendment No. 1 to License Agreement between Uniloc 2017 and Uniloc USA |
| 135-19 | Amendment No. 1 to License Agreement between Uniloc 2017 and Uniloc Licensing USA |
| 135-20 | Note Purchase and Security Agreement between Uniloc 2017 and CF Uniloc Holdings |
| 135-24 | Amended and Restated Operating Agreement of Uniloc 2017 |
| 135-29 | Time and Summary of Division of Rights (created by Apple from the foregoing documents) |
| 142-1 | Declaration of James Palmer as Managing Director of Fortress Investment addressing Uniloc/Fortress agreements |
| 142-2 | Confidential Schedule of Patents |
| 147-2 | Declaration of Counsel for Apple identifying 147-3, 147-4 and 147-7 and including a calculation of past royalties to Uniloc |
| 147-3 | Copy of 135-2 above |
| 147-4 | Settlement Agreement between Uniloc and Microsoft Corporation |
| 147-7 | Heads of Agreement between Fortress and officer of Uniloc (Craig Etchegoyen) |

As this table shows, all of these documents relate to: (1) the financial agreements between Uniloc and Fortress; (2) financial records; (3) patent licenses; (4) a confidential settlement agreement (resolving a patent case between Uniloc and non-party Microsoft); (5) other business records. All

---

documents set forth below. Thus, the Court's ruling on the documents listed in the chart below will govern the corresponding redactions in the three briefs.

such information has been held properly sealed under the "compelling reasons" standard of the Ninth Circuit.

As set forth above, the right to inspect and copy judicial records is not absolute" and "'the common law right of inspection has bowed before the power of a court to insure that its records' do not 'serve as . . . sources of business information that might harm a litigant's competitive standing.'" *Nixon v. Warner Comm.'s*, 435 U.S. at 598. Thus, a wide range of non-public financial and private business information, such as the above documents, have been found to be properly sealed under the "compelling reasons" standard.

In *Van v. Language Line Servs.* 2016 WL 3566980, at *2 and *Philliben v. Uber Techs.*, 2016 WL 9185000, at *3, documents containing "confidential financial" information were sealed. In *France Telecom v. Marvell Semiconductor*, 2014 WL 4965995, at *3 and *In re Elec. Arts*, 298 Fed. Appx. at 569-70, terms of patent licensing agreements were sealed. As there is a strong public policy favoring the resolution of disputes in this Circuit (and elsewhere), *In re J.T. Thorpe, Inc.*, 870 F.3d 1121, 1136 (9th Cir. 2017), settlement agreements may properly be sealed. *Adv. Media Networks LLC v. Row 44, Inc.*, No. CV 12-11018, 2014 WL 10965229, at *2 (C.D. Cal. Oct. 28, 2014). Financial records, of which Uniloc's Annual Accounts (Dkt. No. 135-8) is undoubtedly an example, are a compelling reason for sealing documents. *See Rodman v. Safeway*, 2014 WL 12787874, at *2; *see also Van v. Language Line*, 2016 WL 3566980, at *2. The Schedule of Patents (Dkt. No. 142-2) comprises a "compilation of information which is used in [Uniloc's] business" and, thus, is a trade secret, *Apple v. Samsung*, 727 F.3d at 1222, that can be sealed. *See Kamakana*, 447 F.3d at 1179. The foregoing documents are just the type of "business decision-making, and financial records, which would expose [Uniloc] to competitive harm if disclosed." *Rodman v. Safeway*, 2014 WL 12787874, at *2. Thus, sealing the documents is appropriate. *Id.*

B. <u>APPLE'S ARGUMENT IS APPARENT FROM THE REDACTED FILINGS</u>

EFF also argues that the Administrative Motions to seal should be denied because it cannot discern the basis for Apple's motion to dismiss. More particularly, EFF asserts that it "simply does

not know what Apple contends because the relevant portions of the public briefing are entirely redacted." Mot. at 3. As the basis for Apple's motion is apparent from the redacted briefs, EFF's argument should be rejected.

1. *Apple's Motion*

In the redacted version of its opening brief (Dkt. No. 135), Apple asserts and argues, *inter alia*, as follows:

- "Apple requests an order dismissing with prejudice [these actions] for lack of subject matter jurisdiction" and to "deny as futile Plaintiffs' Motion to Join New Patent Owner" (*id.* at 1);
- "Plaintiffs took their 'bundle of sticks,' stuffed them into a wood chipper, and scattered the chips" (*id.*);
- "As a result, Plaintiffs lacked the right to exclude Apple from using the patents and could not claim an injury-in-fact" (*id.*);
- "As of May 3, 2018, Uniloc Lux assigned away all its rights in the patents-in-suit, including the right to sue for past damages. It thus has no standing to sue, even as co-plaintiff" (*id.* at 2);

Thus, it is readily apparent from Apple's publicly-available redacted brief that Apple is arguing a lack of standing because Uniloc allegedly transferred rights in the patents-in-suit to another party, such that Uniloc did not retain sufficient right to sue as a sole or co-plaintiff.

2. *Uniloc's Opposition*

In the redacted version of its opposition brief (Dkt. No. 142), Uniloc asserts and argues, *inter alia*, as follows:

- the motion is for dismissal wherein Apple alleges that Uniloc lacked "constitutional standing between May 26 and August 2, 2017" when the actions were commenced (*id.* at 1);
- "Apple also seeks dismissal on alternate, albeit nonjurisdictional, grounds, that currently no one has constitutional standing to maintain these actions" (*id.*);

- "Apple argues, however, Uniloc Luxembourg was not a CATEGORY ONE plaintiff, because it has given a lender ("Fortress") a security interest" (*id.* at 3);[7]
- "Here, the [Hewlett-Packard] entities transferred all of the patent rights to Uniloc Luxembourg. That transfer gave Uniloc Luxembourg CATEGORY ONE status. At the time of filing, Uniloc Luxembourg thus had standing" (*id.* at 6);
- "[S]everal Federal Circuit cases [] found a person with CATEGORY ONE status maintain[] that status, despite having transferred a right to sublicense" (*id.*);
- "In a series of related transactions in May 2018, Uniloc Luxembourg transferred its entire interest in the patents to Uniloc 2017. . . . By virtue of those transactions, under [Federal Circuit law], Uniloc 2017 acquired CATEGORY ONE status, and thus constitutional standing. By the same token, Uniloc Luxembourg lost its constitutional standing" (*id.* at 8);
- "As Plaintiffs had standing at the time of filing, this Court had subject matter jurisdiction then, and retains jurisdiction for the duration of the action" (*id.* at 10).

As stated above in the publicly-accessible, redacted briefs, Apple asserts that Uniloc lacked standing at the time these cases were filed and thereafter because Uniloc previously transferred rights in the form of a security interest to Fortress in connection with a financing arrangement. In turn, Uniloc argues that as of the filing of the cases, a Uniloc entity had Category One status and, via the transactions with Uniloc 2017, a Uniloc entity has maintained such status throughout the litigation. EFF's argument that it cannot discern the nature of Apple's motion to dismiss is unfounded.

## V. CONCLUSION

For the reasons set forth above, EFF's request that the Court deny the Administrative Motions to seal should be rejected.

[7] The definition of a "CATEGORY ONE" plaintiff is publicly disclosed on page 2 of the redacted brief.

Date: January 23, 2019

Respectfully submitted,

*/s/ James J. Foster*

James J. Foster
Aaron S. Jacobs (CA No. 214953)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
jfoster@princelobel.com
ajacobs@princelobel.com

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
PRINCE LOBEL TYE LLP
410 Broadway Avenue, Suite 180
Laguna Beach, CA 92651